IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GULF COAST COLD STORAGE, INC. (a
wholly owned subsidiary of Neeb Kearney
& Company, Inc.), suing on its own behalf
and on behalf of its insurance subrogees,
including Indian Harbor Insurance
Company, Certain Underwriters at Lloyds
Subscribing to Policy Number AMR-34288,
Steadfast Insurance Company, and QBE
Specialty Insurance Company; and
NEEB KEARNEY AND COMPANY, LLC
(formerly Neeb Kearney & Company, Inc.)**                    **PLAINTIFFS**

v.                                                           CAUSE NO. 1:17CV13-LG-RHW

**PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS LIGHTING COMPANY;
A.L.P. LIGHTING COMPONENTS, INC.; A.L.P.
LIGHTING AND CEILING PRODUCTS, INC.;
ACUITY BRANDS LIGHTING, INC.; ACUITY
BRANDS, INC.; and DOES 1-100, inclusive**                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND AND DENYING DEFENDANTS'
<u>MOTION FOR REMAND-RELATED DISCOVERY</u>**

**BEFORE THE COURT** are (1) the Motion to Remand to State Court [18]

filed by the plaintiffs Gulf Coast Cold Storage, Inc., suing on its own behalf and on

behalf of its insurance subrogees, including Indian Harbor Insurance Company,

Certain Underwriters at Lloyds Subscribing to Policy Number AMR-34288,

Steadfast Insurance Company, and QBE Specialty Insurance Company, and Neeb

Kearney and Company, LLC (formerly Neeb Kearney & Company, Inc.), (2) the

Motion for Remand-Related Discovery [23] filed by the defendants Philips

Electronics North America Corporation, Philips Lighting Company, A.L.P. Lighting

Components, Inc., A.L.P. Lighting and Ceiling Products, Inc., Acuity Brands Lighting, Inc., and Acuity Brands, Inc., and (3) the Motion for Leave to File Sur-reply [27] filed by the defendants. The parties have fully briefed the Motion to Remand. The defendants did not file a reply supporting their Motion for Remand-Related Discovery or their Motion for Leave to File Sur-reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Remand should be granted, and the Motion for Remand-Related Discovery should be denied. The Motion for Leave to File a Sur-reply is moot.

## BACKGROUND

The plaintiffs filed this lawsuit in the Circuit Court of Jackson County, Mississippi, alleging that the defendants' products caused a fire that damaged the A1 Cold Storage Warehouse. Indian Harbor Insurance, Lloyds, Steadfast Insurance, and QBE Insurance provided commercial property insurance and business income coverage to Gulf Coast Cold Storage ("GCCS") and its parent company Neeb Kearney ("Neeb"). Neeb signed a Subrogation Receipt providing that the insurance companies had paid $8,275,292.78 for claims submitted as a result of the fire. The Receipt further provides:

> In consideration of and to the extent of said payment the undersigned hereby subrogates said Insurance Companies to all of the rights, claims and interest which the undersigned or it's [sic] subsidiaries may have against any person or corporation liable for the loss mentioned above paid unto it by Insurance Companies, and authorizes the said Insurance Companies to sue, compromise, or settle in the undersigned's name, it's [sic] subsidiary's name, or otherwise all such claims it is subrogated to and to execute and sign releases and

>   acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.

(Pls.' Mot., Ex. C, ECF No. 19-3).

The defendants removed the case to this Court on the basis of diversity jurisdiction. The plaintiffs filed a Motion to Remand asserting that the citizenship of the insurance subrogees listed in the case caption should be considered when determining whether diversity of citizenship exists. Insurance subrogees Indian Harbor and Steadfast Insurance are residents of Delaware. The Philips defendants and the Acuity Brands defendants are also residents of Delaware. Thus, if the insurance subrogees are plaintiffs to the lawsuit, diversity of citizenship does not exist.[1] The defendants argue that the insurance subrogees are not parties to the lawsuit, such that the citizenship of these entities should be disregarded. In the alternative, the defendants request permission to conduct remand-related discovery concerning any additional subrogation agreements entered into by GCCS, Neeb, and the insurance subrogees that may affect their standing as real parties in interest to the lawsuit.

## DISCUSSION

---

[1] According to the First Amended Complaint, GCCS is a Mississippi corporation. (1st Am. Compl. at 2, ECF No. 19-2). Neeb is a limited liability company, and all of its members are citizens of Louisiana. (*Id.; see also* Pls.' Mem. at 2, ECF No. 19). Indian Harbor Insurance is a citizen of Delaware and Connecticut. (*Id.*) Lloyds is an English company with its principal place of business in New York. (*Id.*) QBE Insurance is a citizen of North Dakota and New York. (*Id.*) Steadfast Insurance Company is a citizen of Delaware and Illinois. (*Id.*) Philips Electronics and Philips Lighting are citizens of Delaware and Massachusetts. (*Id.* at 3). The A.L.P. Lighting defendants are citizens of Illinois. (*Id.* at 4). The Acuity Brands defendants are citizens of Delaware and Georgia. (*Id.* at 6).

## I. MOTION TO REMAND

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The federal removal statute, 28 U.S.C. § 1441(a), permits defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal courts have original jurisdiction over controversies between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); *see also KeyBank Nat'l Ass'n. v. Perkins Rowe Ass'n, LLC*, 539 F. App'x 414, 416 (5th Cir. 2013). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.*

"There is a rough symmetry between the real party in interest standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases." *Aetna Cas. & Sur. Co. v. Iso-Tex, Inc.*, 75 F.3d 216, 218 n.2 (5th Cir. 1996). Fed. R. Civ. P. 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." "The real party in interest is the person holding the substantive right sought to be enforced, and not

necessarily the person who will ultimately benefit from the recovery." *Farrell Constr. Co. v. Jefferson Parish, La.,* 896 F.2d 136, 140 (5th Cir. 1990). State law governs the question of whether a party holds the substantive right. *Id.* Under Mississippi law, the right of subrogation is a "substantive right protected under the law." *Miss. Food & Fuel Workers' Comp. Trust v. Tackett*, 778 So. 2d 136, 142-43 (¶26) (Miss. Ct. App. 2000) (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970). Since the insurance subrogees in the present case had a right to subrogation, they cannot be considered nominal or formal parties to this lawsuit. Nevertheless, GCCS claimed in the case caption to be prosecuting this lawsuit on behalf of the insurance subrogees; thus, the question remains whether the insurance subrogees were actually named as parties to this lawsuit.

"The citizenship of one who has an interest in the lawsuit but who has not been made a party to the lawsuit . . . cannot be used . . . to defeat diversity jurisdiction." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 864-65 (5th Cir. 2003) (quoting *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250, 252 (5th Cir. 1973)). "The plain meaning of the phrases 'on whose behalf' or 'on behalf of' is an act by a representative of, or an act for the benefit of, another." *United States v. Dish Network, L.L.C.*, 667 F. Supp. 2d 952, 963 (C.D. Ill. 2009); *see also Tallman v. HL Corp.*, No. 14-5550 (WHW)(CLW), 2015 WL 306964, at \*6 (D.N.J. Jan. 20, 2015) ("'On behalf of' generally means 'for the benefit of,' as in a derivative suit brought by a shareholder through which the corporation would recover . . . or a claim brought by a guardian because her ward was unable to do so.").

Although "the caption of a complaint is not necessarily determinative with respect to whether the plaintiff is acting in a representative capacity," a district judge may consider the case caption as a factor when attempting to identify the parties to the lawsuit. *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1143 (5th Cir. 1981); *see also Tallman*, 2015 WL 306964, at*7 (since the case caption conflicted with the body of the complaint, the court resolved its doubt as to the identity of the plaintiffs in favor of remand); *Dressler v. Hartford Fin. Servs. Grp., Inc.*, No. 14-02134 MMM (MANx), 2014 WL 12560795, at *3 (C.D. Cal. May 27, 2014) (holding that defendants who were not listed in the case caption but were listed in the body of the complaint should be considered when considering diversity of citizenship); *Fed. Ins. Co. v. Brasscraft Mfg. Co.*, No. 13-08867MMM (Ex.), 2014 WL 545786, at *4 (C.D. Cal. Feb. 10, 2014) (holding that the party opposing remand was required to plead facts demonstrating why citizenship of a defendant who was included in the body of the complaint but not in the caption should not be considered for purposes of considering diversity of citizenship).

The First Amended Complaint was the operative complaint at the time of removal. *See Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 469 (5th Cir. 2016) (quoting *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990)) ("When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed."). The caption and the opening paragraph of the plaintiffs' First Amended Complaint provide that GCCS has filed this lawsuit on its own behalf and on behalf of its insurance subrogees: Indian Harbor Insurance, Lloyds, Steadfast Insurance,

and QBE Insurance. (1st Am. Compl. at 1, ECF No. 19-2). Paragraph 7 of the First Amended Complaint provides that both GCCS and Neeb are bringing this lawsuit on their own behalves and on behalf of the insurance subrogees. (*Id.* at 3). Paragraph 9 provides, "The GCCS insurance subrogees are participating in this action in the name of GCCS, Neeb and in their own interests. GCCS, Neeb and GCCS insurance subrogees are collectively referred to herein as 'Plaintiffs.'" (*Id.*)

The statements in Paragraph 9 indicate that the insurance subrogees are plaintiffs to this lawsuit who should be considered when determining whether diversity of citizenship exists. Nevertheless, at the very least, the confusion created by the contradictory statements in the body of the First Amended Complaint and the case caption causes sufficient doubt as to the presence of diversity jurisdiction to justify remand to state court. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-282 (5th Cir. 2007) ("[A]ny doubt about the propriety of removal must be resolved in favor of remand.").

## II. MOTION FOR REMAND-RELATED DISCOVERY

Typically, remand-related discovery is utilized in cases where a defendant alleges improper joinder. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). Remand-related discovery is only permitted where the defendant demonstrates its necessity. *Id.* at 574. The discovery must be kept on "a tight judicial tether, sharply tailored to the question at hand." *Id.*

The defendants ask the Court for permission to conduct discovery regarding whether other subrogation agreements exist between GCCS and/or Neeb and the insurance subrogees, because the defendants are concerned that the insurance

subrogees may have assigned their right to recovery to GCCS and/or Neeb. Counsel for the plaintiffs has represented to the Court that the only subrogation agreement between the parties is the Subrogation Receipt that has previously been submitted. That Subrogation Receipt indicates that the insurance subrogees have not assigned any of their rights to GCCS and/or Neeb. As a result, the defendants have not demonstrated that remand-related discovery is necessary.

## III.  DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY

The Court has reviewed the defendants' proposed sur-reply and finds that it does not affect the Court's decision. As a result, the defendants' Motion for Leave to File a Sur-reply is moot.

## IV. PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES AND COSTS

The plaintiffs ask the Court to award them costs and attorney's fees incurred as a result of the removal of the case to this Court. "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This is certainly not a case in which costs and fees should be awarded, because the plaintiffs created the ambiguity as to the identity of the parties in this lawsuit that resulted in the removal. Since GCCS, Neeb, and the insurance subrogees claim they are prosecuting this lawsuit in their own individual interests, no party should have claimed to file this lawsuit "on behalf of" other parties.

## CONCLUSION

For the foregoing reasons, the plaintiffs' Motion to Remand is granted, and the defendants' Motion for Remand-Related Discovery is denied. The defendants' Motion for Leave to File a Sur-reply is moot. The plaintiffs' request for an award of fees and costs is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand to State Court [18] filed by the plaintiffs is **GRANTED**. The plaintiffs' requests for attorney's fees and costs is denied.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Remand-Related Discovery [23] filed by the defendants is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Leave to file Sur-reply [27] filed by the defendants is **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 4th day of April, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE